UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH L. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-0699-CVE-PJC |
| ) | |
| THE NORDAM GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Second Motion to Dismiss (Dkt. # 16). Defendant asserts that plaintiff's state law claims are preempted by the federal Whistleblower Protection Program, 49 U.S.C. § 42121 ("WPP"), and plaintiff failed to exhaust the administrative remedy provided by the WPP. The Court previously dismissed plaintiff's state law wrongful termination claim, and defendant now seeks dismissal of plaintiff's bad faith breach of contract, constructive fraud and false light claims.

### I.

Plaintiff Keith L. Wright was an employee of NORDAM Group, Inc ("NORDAM"). He alleges that he was performing his job duties in an exemplary manner when he was unexpectedly fired on September 19, 2007. Plaintiff claims that he refused to "alter or indorse documentation of an unauthorized unapproved repair on a military aircraft," and he was fired in retaliation for his refusal to falsify documents. Dkt. # 2-2, at 2. Plaintiff also claims that NORDAM attempted to attribute fraudulent actions to him because of his refusal to participate in illegal activities. Id. at 4. On November 19, 2007, plaintiff filed a complaint in the District Court of Tulsa County alleging state law claims of bad faith breach of contract, wrongful termination, constructive fraud, and false

light against NORDAM, alleging that his employment was terminated because he "refused to participate in the cover up of an unauthorized substandard repair and alteration of inspection documents." Id. at 3. NORDAM removed the case to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Dkt. # 2, at 1. Specifically, NORDAM alleged that "[p]laintiff's claim, although pled as a state-law cause of action, is nevertheless a claim arising under the laws of the United States as the result of the 'complete preemption' doctrine." Id.

NORDAM filed a motion to dismiss plaintiff's wrongful termination claim on the ground that this claim was preempted by the WPP and the administrative remedy was not exhausted. Dkt. # 6. In his response, plaintiff confessed that his wrongful termination claim was preempted by the WPP and not exhausted, and requested leave of court to file an amended complaint deleting the wrongful termination claim. The Court granted NORDAM's motion to dismiss, and set a deadline of January 9, 2008 for plaintiff to file an amended complaint. Plaintiff did not file an amended complaint.[1] Dkt. # 10. On February 5, 2008, NORDAM filed a second motion to dismiss seeking dismissal of plaintiff's remaining claims. It argues that the WPP preempts all state tort and contract claims falling within the scope of the WPP. Plaintiff's response does not address the issue of

---

[1] NORDAM asks the Court to dismiss plaintiff's remaining claims because plaintiff violated a court order by failing to file an amended complaint. Although NORDAM cites no authority in support of this argument, it is presumably asking the Court to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b). Rule 41(b) permits a court to dismiss a case if the plaintiff "fails to . . . comply with the [Federal Rules of Civil Procedure] or a court order." Dismissal under Rule 41(b) is presumed to be a dismissal with prejudice and this is a harsh sanction that she should be used sparingly. Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1161 (10th Cir. 2007); Conkle v. Potter, 352 F.3d 1333, 1337 (10th Cir. 2003). Plaintiff sought leave to amend the complaint to delete the dismissed wrongful termination claim. Under the Federal Rules of Civil Procedure, such an amendment is not required; thus, plaintiff's inaction was not a violation of a court order. Dismissal under Rule 41(b) is not appropriate.

2

preemption but, instead, argues that the employee handbook creates a binding contract between the parties.

## II.

A motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.[2] The factual allegations within the claim "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without

---

[2] Defendant asks the Court to treat its motion as one for summary judgment, because it cites an affidavit from Laura M. Lundquist, Vice President of NORDAM. However, the affidavit simply supports NORDAM's assertion that it is an "FAA certified air repair station and manufacturer of aircraft parts . . . ." Dkt. # 16, Ex. 1, at 1. NORDAM uses this assertion to show that the WPP is applicable, but this has already been established by the Court's previous dismissal of plaintiff's wrongful termination claim. Dkt. # 10. Since NORDAM's motion does not otherwise go beyond the allegations of plaintiff's complaint, the Court does not need to consider evidence outside of the pleadings and will not convert the motion to one for summary judgment.

supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellman, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974.

### III.

In its second motion to dismiss,[3] defendant argues that all of plaintiff's remaining claims are preempted by the WPP, because Congress intended for the WPP to be the sole remedy for whistleblowing claims against aviation industry. Plaintiff's response focuses on the viability of his bad faith breach of contract claim, and he asserts that an employee handbook may create a binding contract under Oklahoma law. Plaintiff impliedly argues that WPP preemption applies to tort claims only, but he does not directly address the preemption issue.[4]

The WPP is part of a broader statutory scheme, the Airline Deregulation Act of 1978, 49 U.S.C. § 41713 et seq. ("ADA"), and the ADA contains an express preemption provision. The ADA provides:

---

[3] Defendant has styled its motion as a second motion to dismiss under Rule 12(b)(6). Under Fed. R. Civ. P. 12(g)(2), defendant should have joined all of its arguments under Rule 12(b)(6) in its first motion to dismiss. Id. ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Although defendant has violated Rule 12(g)(2), the Court finds that the issues raised by defendant are properly before the Court. Defendant could have filed a motion for judgment on the pleadings under Rule 12(c). Fed. R Civ. P. 12(h)(2)(B). In the alternative, the Court could have sua sponte raised the issue of subject matter jurisdiction under Rule 12(h)(3). The Court will consider the issues raised in defendant's motion.

[4] In his response, plaintiff does not make any reference to his constructive fraud or false light claims, and suggests that the dismissal of his wrongful discharge claim applied to his other tort claims as well. See Dkt. # 18, at 1 (plaintiff "informs the Court that dismissal of the tort action does not preempt the parties [sic] contract").

> Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b). The Supreme Court has considered the scope of preemption under the ADA, and has determined that the language "related to" shows a "broad preemptive purpose." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383 (1992) (analogizing the ADA's express preemption provision to ERISA and construing scope of ADA's preemption provision broadly). However, the ADA does not preempt state law contract claims "seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." American Airlines, Inc. v. Wolens, 513 U.S. 219, 228 (1995). Breach of contract claims do not fall with the scope of ADA preemption, because such claims simply seek to hold parties to their agreement rather than impose state law on a federal regulatory scheme. Id. at 229.

Defendant treats the WPP as the statutory source of preemption of state law claims, alleging that the WPP provides "the sole and exclusive remedy" for whistleblowing claims against the airline industry. The WPP provides that:

> No air carrier or contractor or subcontractor of an air carrier may discharge an employee or otherwise discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to a request of the employee)--
>
> > (1) provided, caused to be provided, or is about to provide (with any knowledge of the employer) or cause to be provided to the employer or Federal Government information relating to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety under this subtitle or any other law of the United States;

> (2) has filed, or caused to be filed, or is about to file (with knowledge of the employer) or cause to be filed a proceeding relating to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety under this subtitle or any other law of the United States.

49 U.S.C. § 42121. However, the WPP does not expressly expand the preemptive scope of the ADA. Gary v. Air Group, Inc., 397 F.3d 183, 189-90 (3d Cir. 2005) (finding that WPP did not broaden preemption under the ADA); Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1263 (11th Cir. 2003) (refusing to expand preemption under the ADA to include state whistleblower laws because the WPP's silence inferred that Congress did not intend to preempt such claims); Fadaie v. Alaska Airlines, Inc., 293 F. Supp. 2d 1210, 1216-17 (W.D. Wash. 2003) (WPP added an additional remedy for aggrieved works but did not expand scope of preemption under section 41713(b)). Defendant relies on Botz v. Omni Air Int'l, 286 F.3d 488 (8th Cir. 2002), for the proposition that the WPP preempts any type of claim falling within its purview. In Botz, the Eighth Circuit held that the ADA, as amended by the WPP, preempted the application of a Minnesota whistleblower statute if the plaintiff's claims involved allegations relating to "air safety-related conduct." Id. at 496 ("The fact that the WPP now provides a comprehensive scheme for protecting the precise sort of air safety-related conduct Botz engaged in here . . . is powerful evidence of Congress's clear and manifest intent to preempt state-law whistleblower claims related to air safety.").

Although the WPP does not expressly expand the scope of preemption under the ADA, defendant has presented authority that the ADA, as amended by the WPP, completely preempts any state law claim "relating to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety . . . ." 49 U.S.C. § 42121. In Turgeau v. The NORDAM Group, Inc., 02-CV-965-H(M), Dkt.

6

# 15 (N.D. Okla. April 8, 2003), the court held that the ADA, as amended by the WPP, completely preempted a wrongful discharge claim under Oklahoma law. Applying a two-part test for complete preemption set forth in <u>Schmeling v. Nordam</u>, 97 F.3d 1336 (10th Cir. 1996), the court found that Congress intended to preempt state law claims concerning alleged violations of federal air-safety regulations and the WPP provides a replacement cause of action for such claims. <u>Turgeau</u>, Dkt. # 15, at 5-11. The Court has reviewed the ruling in <u>Turgeau</u>, and finds that it is a well-reasoned decision that should be followed in this case.[5] Therefore, plaintiff's state law claims concerning "retaliatory discharges in the airline industry based on an employee's reporting of federal safety violations" are preempted by the ADA, as amended by the WPP, and such claims must be brought as a claim under the WPP. <u>Turgeau</u>, Dkt. # 15, at 9.

The Court finds that plaintiff's claims of constructive fraud and false light are preempted by the ADA, as amended by the WPP, because these claims rely on the same factual basis as plaintiff's wrongful termination claim. Plaintiff may not use common law tort claims to avoid preemption under the ADA, as amended by the WPP, and to permit plaintiff to proceed with these claims would render the express preemption language of the ADA meaningless. <u>See</u> <u>Wolens</u>, 513 U.S. at 227-28 (application of Illinois' Consumer Fraud Act preempted by ADA because such claims would interfere with federal regulatory scheme); <u>Lyn-Lea Travel Corp. v. American Airlines, Inc.</u>, 283 F.3d 282, 287 (5th Cir. 2002) (ADA preempts state tort law to the extent that such claims have a

---

[5] The Court notes that plaintiff does not challenge the defendant's assertion that the WPP completely preempts his state law tort claims. However, the doctrine of complete preemption provides the basis for this Court's subject matter jurisdiction over the case, and the Court has an independent obligation to review subject matter jurisdiction even if the parties do not raise the issue. <u>1mage Software, Inc. v. Reynolds & Reynolds Co.</u>, 459 F.3d 1044, 1048 (10th Cir. 2006).

"significant relationship to the economic aspects of the airline industry"); Charas v. Trans World Airlines, Inc., 160 F.3d 1259 (9th Cir. 1998) ("when Congress enacted *federal* economic deregulation of the airlines, it intended to insulate the industry from possible *state* economic regulation as well"). Plaintiff's tort claims specifically concern NORDAM's alleged non-compliance with federal air-safety regulations and these claims fall within the scope of the WPP. The WPP provides a remedy for employees of air carriers or contractors who allege retaliation based on the employer's alleged "violation or alleged violation" of federal air-safety regulations, and plaintiff's state law tort claims should have been filed in a complaint directed to the Department of Labor. 49 U.S.C. § 42121(b)(1). Therefore, plaintiff's tort claims are expressly preempted by the ADA, as amended by the WPP. Plaintiff admits that he has not exhausted his administrative remedies under the WPP, see Dkt. # 9, at 1, and his claims for constructive fraud and false light should be dismissed.

However, plaintiff may proceed with his bad faith breach of contract claim based on alleged violations of the employee handbook. Defendant does not address the Supreme Court's decision in Wolens that breach of contract claims do not fall within § 41713(b). Instead, defendant analogizes to Settles v. Golden Rule Insurance Co., 927 F.2d 505 (10th Cir. 1991), where the Tenth Circuit stated that "common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan." Id. at 509. Although the Supreme Court analogized the scope of the ADA's preemption provision, § 41713(b), to ERISA, the Supreme Court specifically carved out an exception to preemption under the ADA for state law breach of contract claims "seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." Wolens, 513 U.S. at 228. Plaintiff's claim for bad faith breach of contract falls

within this exception to preemption under the ADA, as amended by the WPP. Plaintiff has identified an independent contractual basis for this claim and there is no risk that the application of state contract law will interfere with the federal regulatory scheme. Therefore, plaintiff's bad faith breach of contract claim is not preempted by the ADA, as amended by the WPP.

Based on the Court's conclusion that plaintiff's bad faith breach of contract claim is not preempted by the ADA, as amended by the WPP, it should remand plaintiff's remaining claim to state court. NORDAM removed this case to federal court on the basis of complete preemption under the WPP. Dkt. # 2. To find subject matter jurisdiction on this basis, there must be at least one remaining claim arising under the laws of the United States. See 28 U.S.C. §§ 1331, 1367. However, the Court has determined that plaintiff's sole remaining claim falls outside of the scope of the WPP and, as it is not preempted by the WPP, plaintiff has simply alleged a state law claim for bad faith breach of contract. The notice of removal does not assert that the Court has subject matter jurisdiction over this case based on diversity of citizenship, and it is clear that plaintiff's breach of contract claim is based solely on state law. Due to the lack of subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IT IS THEREFORE ORDERED** that Defendant's Second Motion to Dismiss (Dkt. # 16) is **granted in part** and **denied in part**: the motion is granted as to plaintiff's claims for constructive fraud (Count Three) and false light (Count Four) and they are **dismissed**; the motion is denied as to plaintiff's bad faith breach of contract claim (Count Two).

**IT IS FURTHER ORDERED** that this matter is **remanded** to the District Court of Tulsa County.

**DATED** this 20th day of March, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT